**Electronically Filed
Intermediate Court of Appeals
30692
19-MAR-2012
09:26 AM**

NO. 30692

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant, v.
MARCO RODRIGUES, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 08-1-0293)


AMENDED MEMORANDUM OPINION
(Nakamura, C.J. and Fujise, J.,
with Reifurth, J. dissenting)

Plaintiff-Appellant State of Hawai'i (State) appeals from the August 5, 2010 order issued by Circuit Court of the Fifth Circuit (circuit court)[1] suppressing as evidence a clear plastic packet containing methamphetamine discovered by police during a search incident to arrest.

I.

BACKGROUND

On November 25, 2008, Defendant-Appellee Marco Paulo Rodrigues (Rodrigues) was charged by complaint with Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1243 (Supp. 2011). Subsequently, Rodrigues moved to suppress evidence obtained from a warrantless search of his pockets by Officer Scott Williamson (Ofr.

_____

[1] The Honorable Kathleen N.A. Watanabe presided.

Williamson) arguing it was in violation of his rights under article I, section 7 of the Hawai'i State Constitution and the Fourth and Fourteenth Amendments of the United States Constitution.

The State opposed the motion, arguing that the drugs discovered in Rodrigues's pocket were recovered during a valid search incident to a lawful arrest. The State claimed that Ofr. Williamson's practice, when conducting a search incident to a lawful arrest in a known drug trafficking area, "to pull out an arrestee's pockets from the top, visible area" was reasonable, based on an officer's need for safety because syringes or razor blades could be in the person's pockets and the officer "runs the risk of puncturing his or her skin in a hazardous manner" or may not be able to detect certain weapons or means of escape through a pat-down of the person. In the alternative, the State also argued that the packet would have been inevitably discovered during a pre-incarceration search at Kauai Police Department (KPD) cell block, during a custodial search to prevent introduction of weapons and dangerous drugs into the custodial environment.

Ofr. Williamson testified that he initially saw Rodrigues asleep in his vehicle and the vehicle had an "expired safety." When Rodrigues could not produce a driver's license, a warrant check on the name he gave the officer revealed that Rodrigues had outstanding bench warrants. Ofr. Williamson then placed Rodrigues under arrest.

Ofr. Williamson conducted the search incident to this arrest which yielded a clear Ziploc-type bag that appeared to contain crystal methamphetamine out of Rodrigues's pocket, placed Rodrigues in the officer's vehicle, and transported Rodrigues to the cell block. Ofr. Williamson testified that at the cell block, he conducted a complete inventory search to assure that no contraband, weapons or dangerous instruments were taken into the cell block, and inventoried all items. This search included

pockets and the insides of the person's shoes. After conducting this search, Ofr. Williamson completed the required screening forms, including an inventory of all Rodrigues's possessions, and conducted a presumptive test of the contents of the bag he recovered and obtained a positive result for methamphetamine.

Sergeant Eric Kaui (Sgt. Kaui) testified about the procedures for handling incoming detainees into the cell block area. Sgt. Kaui stated that officers bringing arrestees into the cell block area are responsible for conducting a thorough search of all areas of the arrestee's clothing, including pockets, as "there are only certain things that they can enter the cell with." He testified that cell block searches are conducted on everyone brought into the cell block environment.

On March 17, 2009, the circuit court entered an order granting the Motion to Suppress. The State appealed and the case was assigned appeal No. 29759. On January 28, 2010, this court issued its opinion, State v. Rodrigues, 122 Hawai'i 229, 225 P.3d 671 (App. 2010) (Rodrigues I), in which we vacated the circuit court's March 17, 2009 order granting Rodrigues's motion to suppress. This court held that the circuit court should have considered the State's argument that a packet containing drugs found in Rodrigues's pocket would have inevitably been discovered. The case was remanded to the circuit court to make additional findings of fact and conclusions of law regarding the State's inevitable discovery claim.

On remand, both parties stated that they had no further evidence to present, although the State filed a Supplemental Memorandum reiterating the testimony of Ofr. Williamson and Sgt. Kaui concerning the procedures at the cellblock and again argued that the packet would have been "inevitably discovered pursuant to a lawful inventory search at KPD cellblock."

The circuit court filed its August 5, 2010 Findings of Facts, Conclusions of Law and Order Granting Defendant's Motion to Suppress Evidence (Order) stating, in pertinent part:

<u>FINDINGS OF FACT</u>

1. On November 23, 2009 at approximately 7:54 a.m., Kauai Police Department Officer Scott Williamson saw Defendant Rodrigues sleeping in a silver two-door Hyundai at Hanamaulu Beach Park.

. . . .

6. Officer Williamson discovered that defendant Rodrigues had three outstanding bench warrants and handcuffed him.

7. Officer Williamson conducted a pat-down search on Defendant's torso but when he got to Defendant's shorts, Officer Williamson turned the pockets inside out.

8. Officer Williamson testified that, for his safety, it was his practice that when he conducts a search of an arrestee, he pulls out the arrestee's pockets from the top rather than doing a pat-down search.

9. Officer Williamson testified that he had no reason to believe that Defendant Rodrigues was concealing weapons, drugs, contraband or needles.

10. As Officer Williamson turned Defendant's left shorts' pocket inside out, he found a clear zip-lock baggie that contained a crystal-like substance in Defendant's left front pocket.

11. Officer Williamson placed Defendant Rodrigues in his police vehicle and transported him to police cellblock in Lihue.

<u>CONCLUSIONS OF LAW</u>

1. The Fourth Amendment to the United States Constitution protects the rights of citizens to be free from unreasonable searches and seizures.

2. Article 1, Section 7 of the Hawaii Constitution is identical to the Fourth Amendment to the United States Constitution.

3. Officer Williamson was entitled to a pat-down search but he was not authorized to remove the zip-lock baggie from Mr. Rodrigues pocket unless he had reason to believe that the items felt are fruits or instrumentalities of the crime for

4

which the defendant is arrested, or to protect the officer from attack, or to prevent the offender from escaping. State v. Enos, 68 Haw. 509, 510-511; 720 P.2d 1012, 1013-1014 (1986).

4. Any warrantless search or seizure is presumed to be illegal and the burden always rests with the government to prove that such actions fall within a specifically established and well-delineated exception to the warrant requirement. State v. Ortiz, 67 Haw. 181; 683 P.2d 822 (1984).

5. One such exception is the 'inevitable discovery' rule adopted by the Hawaii Supreme Court in 1995 in State v. Lopez, 78 [Hawai'i] 433; 896 P.2d 889 (1995).

6. Regarding the 'inevitable discovery' rule, the Hawaii Supreme Court "require[s] the prosecution to present clear and convincing evidence that any evidence obtained in violation of article I, section 7 [of the Hawaii Constitution] would inevitably have been discovered by lawful means before such evidence may be admitted under the inevitable discovery exception to the exclusionary rule[."] State v. Lopez, 78 [Hawai'i] 433, 451; 896 P.2d 889 (1995).

7. The Hawaii Supreme Court further noted that "[c]lear and convincing evidence means evidence that will produce in the mind of a reasonable person a firm belief as to the facts sought to be established.["] Id.

8. The 'inevitable discovery' rule is not applicable because the state failed to produce clear and convincing evidence which would demonstrate that the defendant was incapable of retrieving and discarding the contraband from his person without an officer's notice between the time of his arrest and the inventory search and that the evidence would have been inevitably discovered.

9. Officer Williamson failed to testify that Mr. Rodrigues was restrained in such a way as to make him incapable of discarding the zip-loc baggie from his pocket between the time of his arrest and the inventory search had the baggie not been obtained via Officer Williamson's illegal search.

10. The State did not present any evidence that Officer Williamson or another officer continuously observed Mr. Rodrigues after being handcuffed or that Officer Williamson [n]ever left Mr. Rodrigues unattended.

11. Additionally, unlike the defendant in State v. Silva[,] 91 [Hawai'i] 111; 979 P.2d 1137 (1999), Mr. Rodrigues never testified or acknowledged

that he was unable to retrieve the contraband after being handcuffed.

ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

Based on the foregoing Findings of Facts and Conclusions of Law, IT IS HEREBY ORDERED that the clear plastic baggie containing a crystal-like substance that was removed from Defendant's left front shorts' pocket on November 23, 2008[,] is hereby suppressed and precluded from use at trial.

The State timely filed its notice of appeal from this Order.

## II.

## DISCUSSION

In this appeal, the State argues that the circuit court erred by (1) failing to make essential findings of fact regarding events that occurred after Rodrigues was placed in the police transport vehicle and relevant to the issue of whether the subject evidence was admissible under the inevitable discovery doctrine, (2) suppressing the evidence in light of the unrefuted testimony that the evidence would have been discovered during a routine inventory search at the KPD cell block based on its finding that Rodrigues could have discarded the packet before the inventory search was conducted where there was no evidence that he would have done so, (3) distinguishing this case from State v. Silva, 91 Hawai'i 111, 979 P.2d 1137 (App. 1999), because Rodrigues did not testify or acknowledge that he was unable to retrieve the packet from his pocket after being handcuffed although Rodrigues's whereabouts were unknown at the time of the hearing on remand, and (4) concluding that the State failed to present clear and convincing evidence that the packet would not have been inevitably discovered at the cell block, even if it was not removed from Rodrigues's pocket upon his arrest.

In Rodrigues I, this court held that, "[w]ithout a doubt, Officer Williamson's actions in turning Rodrigues's pockets inside-out violated" the limited scope of a search incident to arrest. Rodrigues I, 122 Hawai'i at 235, 225 P.3d at

6

677. However, because the circuit court failed to make "findings of fact regarding the credibility of the police officers or the weight given to their testimony in light of the other evidence and arguments related to the issue of inevitable discovery[,]" and "reached no conclusions regarding whether the State met its burden of proof, instead rejecting the applicability of the inevitable discovery exception as a matter of law[,]" we remanded the case for the circuit court to determine the factual basis for the application of the inevitable discovery doctrine. Id., at 238, 225 P.3d at 680. As it "is not the role of the appellate court, in the first instance, to make determinations as to the credibility of the witnesses or the weight of the evidence[,]" we specifically declined to say that the State either presented clear and convincing evidence supporting the application of the inevitable discovery rule or failed as a matter of law, in meeting this burden. Id. at 238, 225 P.3d at 680.

On remand, the parties declined to present additional evidence; Rodrigues himself did not appear for the three court proceedings held on remand, and it appears from the record that his counsel did not know his whereabouts. The circuit court did not articulate any findings at any of these proceedings, but rather, appears to have directed counsel to file further submissions.[2] The circuit court's Order does not contain either

_____

[2] On the last of the three appearances, the following exchange occurred between the circuit court and counsel:

> [Prosecutor]: So, your Honor, just so I'm clear. We're going to be preparing a memorandum of law?
>
> THE COURT: Yes. It would be that or you could simply address it in a proposed finding of fact or findings of fact.
>
> . . . .
>
> THE COURT: And for [defense counsel], it's addressing that finding of fact, because, [defense counsel] you had previously concluded, and the Court had agreed with you, that the State lacked the basis for stating that there was inevitable -- basis for inevitable discovery and also the

(continued...)

credibility or weight determinations and does not include findings of fact regarding the events relevant to the inevitable discovery rule.

Rather, it appears that the circuit court has again ruled, as a matter of law, that the inevitable discovery exception does not apply in this case. The circuit court concluded that "the 'inevitable discovery' rule is not applicable because the state failed to produce clear and convincing evidence which would demonstrate that the defendant was *incapable* of retrieving and discarding the contraband from his person without an officer's notice between the time of his arrest and the inventory search[.]" The circuit court did not cite to any legal authority for this requirement.

"We review the circuit court's ruling on a motion to suppress *de novo* to determine whether the ruling was 'right' or 'wrong'." State v. Edwards, 96 Hawai'i 224, 231, 30 P.3d 238, 245 (2001) (quoting State v. Jenkins, 93 Hawai'i 87, 100, 997 P.2d 13, 26 (2000)) (internal quotation marks omitted).

> The "right/wrong" standard of review also applies to the trial court's [conclusions of law], which allows the appellate court to "examine the facts and answer the question without being required to give any weight to the trial court's answer to it." State v. Lopez, 78 Hawai'i

---

[2](...continued)
simple reference to State v. Lopez.

I think in your previous arguments, [defense counsel], you had said that State v. Silva, basically, that there was a problem with that decision by the Hawaii Supreme Court. The Court carefully read that decision, and as I said, I'd like to draw your attention to footnote number three on page 15. And the Court would agree with you -- I'm sorry, let me just back up.

I think you had argued previously that perhaps State v. Silva was not a good decision. I think it's more the case can be distinguished from the instant case. And the Court just needs you to simply address that.

On July 26, 2010, the State filed its supplemental memorandum, and on August 5, 2010, Rodrigues filed proposed findings of facts and conclusions of law. With the exception of finding of fact no. 9, the circuit court adopted the Rodrigues's proposed findings of fact and conclusions of law, and entered its Order on the same date.

> 433, 440, 896 P.2d 889, 896 (1995) (quoting <u>State v. Miller</u>, 4 Haw. App. 603, 606, 671 P.2d 1037, 1040 (1983)). "Thus, '[a conclusion of law] is not binding upon the appellate court and is freely reviewable for its correctness.'" <u>Id.</u> (quoting <u>State v. Bowe</u>, 77 Hawai'i 51, 53, 881 P.2d 538, 540 (1994)).

<u>State v. Kaleohano</u>, 99 Hawai'i 370, 375, 56 P.3d 138, 143 (2002). The prosecution bears the burden of presenting "clear and convincing evidence that any evidence obtained in violation of article I, section 7 [of the Hawai'i State Constitution], would inevitably have been discovered by lawful means before such evidence may be admitted under the inevitable discovery exception to the exclusionary rule." <u>State v. Lopez</u>, 78 Hawai'i 433, 451, 896 P.2d 889, 907 (1995). "Clear and convincing evidence means such evidence as will produce 'in the mind of a reasonable person a firm belief as to the facts sought to be established.'" <u>Id.</u>, at 451 n.30, 896 P.2d at 907 n.30 (quoting <u>Almeida v. Almeida</u>, 4 Haw. App. 513, 518, 669 P.2d 174, 179 (1983) (internal quotation marks omitted).

The uncontroverted evidence presented here showed that Rodrigues was originally arrested based on three outstanding bench warrants, was handcuffed, was searched incident to that arrest, but that the search, which yielded a clear plastic bag containing what appeared to be crystal methamphetamine, exceeded the lawful scope of that search, was placed in Ofr. Williamson's vehicle and was transported to police cell block, where an inventory search was conducted on his person, including his pockets, consistent with standard procedures prior to placement into a secure environment. On this record, we conclude there was clear and convincing evidence that the packet containing methamphetamine would have been discovered when police conducted their inventory search prior to admitting Rodrigues into police cell block.

Nor do we find the case of <u>State v. Silva</u>, 91 Hawai'i 111, 979 P.2d 1137 (App. 1999), <u>cert. granted on other grounds and aff'd</u>, 91 Hawai'i 80, 979 P.2d 1106 (1999), to the contrary.

9

There, we affirmed the circuit court's denial of a motion to suppress and rejected Silva's argument that there was insufficient evidence to support the trial court's finding that "in--an inventory search, that the contents of [Defendant's] pockets would have been revealed. And . . . there's nothing in the record to suggest that the contraband was in a closed container." Id. at 115, 120, 979 P.2d at 1141, 1146.

There, we affirmed the circuit court's factual findings. Here, the circuit court did not make factual findings regarding the events relevant to the issue of inevitable discovery. Rather, the circuit court appeared to require, as a matter of law, that evidence excluding other possible scenarios be presented by the prosecution (i.e., requiring the prosecution to negate any possibility that the defendant could discard the contraband without detection) in order to carry its burden of proof. We decline to endorse such a requirement, absent any evidence that those alternative scenarios could reasonably have occurred.

Therefore, we vacate the Circuit Court of the Fifth Circuit's Order and remand for proceedings consistent with this opinion.

DATED: Honolulu, Hawaiʻi, March 19, 2012.

On the briefs:

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellant.

James S. Tabe,
Deputy Public Defender,
for Defendant-Appellee.

Chief Judge

Associate Judge